IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FAYE R. HOBSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:14-cv-01540 |
| v. ) | JUDGE TRAUGER |
| ) | MAGISTRATE JUDGE BRYANT |
| CHARLES T. HAGEL, Secretary, ) | |
| Department of Defense, ) | |
| ) | |
| Defendant, ) | |

To: The Honorable Aleta A. Trauger, District Judge

## Report and Recommendation

Currently pending in this action is defendant Charles T. Hagel's Partial Motion to Dismiss. (Docket Entry No. 14). By order entered October 3, 2014 (Docket Entry No. 12), this matter was referred to the undersigned for case management and to recommend ruling on any dispositive motion. For the reasons given below, the undersigned recommends that Defendant's Motion to Dismiss be treated as a motion for summary judgment. Further, the undersigned recommends such motion be GRANTED IN PART and DENIED IN PART.

## I. Statement of the Case

Plaintiff is a teacher with the Department of Defense Domestic Dependent Elementary and Secondary Schools (DDES) at Camp Humphreys, Korea. (Docket Entry No. 1, p. 3, ¶ 14). She has repeatedly tried to gain employment at Fort Campbell, Kentucky, applying for over thirty-one positions at the base, including twenty-two at Fort Campbell

High School (FCHS). (*Id.* at pp. 3-4, ¶¶ 11, 15). Related to these efforts, Plaintiff has a history of filing Equal Employment Opportunity (EEO) complaints dating back to 2005. (*Id.* at p. 2, ¶ 6).

Plaintiff applied for and interviewed for a Language Arts Reading Specialist (LARS) position at FCHS. (Docket Entry No. 16, Ex. 1, Bates 000015, ¶ 13a). The job listing was subsequently canceled and the position was never filled. (Docket Entry No. 16, Ex. 7, Bates 000099). Plaintiff was notified of this action via email on August 5, 2013. (Docket Entry No. 20, Ex. 2, Bates 000110). She subsequently applied for a Secondary Education teaching position and an Advanced Placement (AP) English teaching position at FCHS. (Docket Entry No. 16, Ex. 1, Bates 000015, ¶ 14(6)). Plaintiff's name was referred for selection for the Secondary Education position but was not referred for the AP English position. *Id.*

Plaintiff filed a "Complaint of Discrimination in the Federal Government" (EEO Complaint) with the Diversity Management and Equal Opportunity Office of the Department of Defense Education Activity (DODEA) on September 15, 2013. (Docket Entry No. 16, Ex. 13). After Plaintiff participated in counseling, the Investigations and Resolutions Directorate of the Defense Civilian Personnel Advisory Service conducted an investigation of her complaint and issued a report dated March 7, 2014. (Docket Entry No. 16, Ex. 6). Plaintiff subsequently requested a final agency decision (FAD) on March 24, 2014. (Docket Entry No. 16, Ex. 12, p. 1). DODEA found that Plaintiff was not a victim of discrimination

and dismissed the EEO Complaint. (*Id.* at p. 6). Plaintiff then filed the civil complaint forming the basis for the instant case. (Docket Entry No. 1).

### II. Conversion to Motion for Summary Judgment

If a court considers matters outside the pleadings when ruling on a 12(b)(6) motion, the court must treat such a motion as a motion for summary judgment under Rule 56. FED. R. CIV. P. 12(d). Where one party is likely to be surprised by the court's proceeding in summary judgment, notice is required. *Salehpour v. Univ. of Tennessee*, 159 F.3d 199, 204 (6th Cir. 1998) (*citing Dayco Corp. v. Goodyear Tire & Rubber Co.,* 523 F.2d 389, 393 (6th Cir.1975)). Here, Plaintiff was aware that matters outside the pleadings had been submitted to the court. In fact, Plaintiff also submitted extrinsic material in her response to Defendant's Motion. A party cannot claim to have been "surprised by the conversion of the motion to dismiss into a motion for summary judgment when the party was aware that materials outside the pleading had been submitted to the court before the court granted the motion." *Song v. City of Elyria,* 985 F.2d 840, 842 (6th Cir.1993). The undersigned therefore recommends Defendant's Motion be treated as a motion for summary judgment under Rule 56.

### III. Standard of Review

To prevail on a motion for summary judgment, the moving party must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Miller v. Calhoun County,* 408 F.3d 803,

811–12 (6th Cir. 2005). A "genuine issue of material fact" exists when the proof upon which that issue turns could induce a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986). The burden of establishing the absence of a factual dispute rests with the moving party. *Id.* at 250 n.4.

In deciding whether summary judgment is appropriate, the court "must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon County,* 203 F.3d 426, 431 (6th Cir. 2000), *cert. denied,* 531 U.S. 875 (2000). In so doing, the district court must "draw all reasonable inferences in favor of the nonmoving party" in its analysis of the affidavits and other submissions. *Sadie v. City of Cleveland,* 718 F.3d 596, 599 (6th Cir. 2013) (*citing Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)).

## IV. Conclusions of Law

In her Verified Complaint (Docket Entry No. 1), the *pro se* Plaintiff seems to assert multiple claims of discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16. Plaintiff contends she was discriminated against when she was not selected for a number of open positions with the Department of Defense Domestic Dependent Elementary and Secondary Schools (DDES) at Fort Campbell High School (FCHS) in Kentucky. (Docket Entry No. 1, pp. 3-4, ¶¶ 11, 15). Plaintiff alleges she applied for more than twenty-two positions at FCHS and interviewed for two of those positions. (*Id.* at p. 4, ¶

15). However, the only EEO complaint in the record before this Court addresses Plaintiff's non-selection for two open positions at FCHS. (Docket Entry No. 16, Ex. 13). This Report and Recommendation will address in turn: Plaintiff's claims unrelated to the most recent EEO complaint ("old claims"), Plaintiff's EEO complaint relating to the Language Arts Reading Specialist (LARS) position, and Plaintiff's EEO complaint relating to the English with Advanced Placement (AP) English Literature & Composition position.

### A. Plaintiff's Claims Unrelated to the Most Recent EEO Complaint

Plaintiff alleges in her complaint that she applied for thirty-one positions at Fort Campbell and was not interviewed for any of those positions, despite being "well qualified." (Docket Entry No. 1, p. 3, ¶ 11). She further alleges she applied for twenty-two positions at FCHS and was interviewed for only two of those positions. (*Id.* at p. 4, ¶ 15). She was not hired for any positions for which she interviewed. (*Id.*). Because Plaintiff is proceeding *pro se*, her complaint is to be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (*pro se* complaint must be held to less stringent standards than formal pleadings drafted by lawyers). In liberally construing Plaintiff's complaint, the undersigned believes Plaintiff pleads that she was discriminated against when she was not hired for the thirty-one jobs for which she applied at Fort Campbell.

5

Defendant moves that the old claims be dismissed for failure to exhaust administrative remedies. Plaintiff initially contacted the DODEA Diversity Management and Equal Opportunity Office on August 12, 2013, after receiving notification of her non-selection on August 5. (Docket Entry No. 16, Ex. 1). Plaintiff's EEO complaint addresses only two positions for which she applied and makes no mention of the twenty-two or thirty-one other positions noted in her complaint. (Docket Entry No. 16, Ex. 13). In the evidence before this Court, the undersigned believes it is clear that Plaintiff's old claims were not included in the EEO Complaint.

Even if such claims were included in the EEO Complaint, they were certainly not timely. The right to maintain a Title VII action against the Federal Government is predicated on the timely exhaustion of administrative remedies. The failure to exhaust administrative remedies is a basis for dismissal of a Title VII claim against the Government. *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 993 (6th Cir. 2009) (*citing Benford v. Frank*, 943 F.2d 609, 612 (6th Cir.1991)). A person must initiate contact with an EEO counselor within forty-five days of an adverse action to preserve her right to seek an administrative or civil remedy. 29 C.F.R. § 1614.105(a)(1). The counselor must advise the complainant of her right to file a formal complaint requesting a financial agency decision (FAD). 29 C.F.R. § 1614.105(b). Such a formal complaint must be filed within fifteen days of notification by the counselor. 29 C.F.R. § 1614.106(b). After adjudication of her administrative EEO complaint and issuance of a

FAD, the plaintiff can then file a civil action, but must do so within ninety days of receiving the FAD. 42 U.S.C. § 2000e-16. Here, it is nearly impossible that Plaintiff applied for and was denied selection for over twenty positions within the limited timeframe required for the filing of EEO complaints under federal law.

Additionally, Plaintiff does not address the old claims in her response to Defendant's motion. (Docket Nos. 23, 24). If the moving party satisfies its burden on a motion for summary judgment, then the burden of going forward shifts to the nonmoving party to produce evidence that results in a conflict of material fact to be resolved by a jury. *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (*citing* FED. R. CIV. P. 56). Plaintiff was on notice that extrinsic evidence was before this court, as demonstrated by her response to Defendant's Motion. Plaintiff has failed to answer Defendant's Motion with regard to the old claims. Therefore, the undersigned recommends that Defendant's Motion be GRANTED as to the old claims.[1]

### B. Language Arts Reading Specialist (LARS) Position

Plaintiff's EEO complaint alleges she was discriminated against when she was not hired to fill the 0413 Language Arts Reading Specialist (LARS) position at FCHS. She applied for the LARS position and was subsequently interviewed for that position. (Docket Entry No.

---

[1] This does not prevent the Plaintiff from claiming that prior EEO complaints caused the retaliatory discrimination she alleges in the complaint.

16, Ex. 4, p. 8, Bates 000198). The certificate for that position was soon canceled and no one was hired. (Docket Entry No. 16, Ex. 7, Bates 000099). In her EEO Complaint, Plaintiff seems to believe the LARS position was canceled in retaliation for her prior EEO complaints; she specifically asks for an explanation as to why the position was canceled. (Docket Entry No. 16, Ex. 13, Plaintiff's Formal Complaint, p. 3) ("I am requesting an explanation as to why the LARS position was cancelled."). However, neither acceptance letter from the DODEA Diversity Management and Equal Opportunity Office makes mention of the LARS complaint. (Docket Entry No. 16, Exs. 2, 3). Both letters address only the Advanced Placement (AP) position discussed *infra*. The Government also contends the EEO Complaint was limited to the AP position. (Docket Entry No. 15, p. 8).

In this Circuit, a Title VII judicial complaint is limited to "the scope of the [EEO] investigation reasonably expected to grow out of the charge of discrimination." *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004) (*quoting Weigel v. Baptist Hosp. of East Tennessee,* 302 F.3d 367, 380 (6th Cir.2002)). Plaintiff clearly alleges in her EEO complaint that the cancellation of the LARS position was a result of discrimination against her. It is reasonable to expect that Plaintiff's allegation would be included in the scope of the resulting investigation. In fact, the investigator gathered records related to the LARS position as part of his investigation into the EEO Complaint. (Docket Entry No. 16, p. 3, ¶ 6). Furthermore, Plaintiff's filing of the EEO Complaint was timely as to the LARS position. Plaintiff was

notified via email that the LARS position was canceled on August 5, 2013. (Docket Entry No. 16, Ex. 4, p. 17). She filed the EEO Complaint on September 15, 2013, well within the forty-five day period required by law. The undersigned recommends Defendant's Motion be DENIED as to Plaintiff's claim of discrimination in regards to the LARS position.

### C. Advanced Placement (AP) English Literature & Composition Position

Plaintiff's EEO complaint alleges she was discriminated against when she was not hired to fill the 0310 English with Advanced Placement (AP) English Literature & Composition position at FCHS. Defendant's Memo in support of the Motion concedes that Plaintiff's EEO complaint as to the AP position was timely. (Docket Entry No. 14, p.8). The Memo argues that Plaintiff's claim must fail as to the AP position because "no action was taken on the recruit/fill action." (*Id.* at p. 10). Defendant provides no authority to substantiate its claim that failing to fill a vacant job posting is *per se* not actionable. Accordingly, on the record, the undersigned recommends Defendant's Motion be DENIED as to Plaintiff's claim of discrimination in regards to the AP position.[2]

### III. Recommendation

For the reasons stated above, the undersigned recommends that Defendant's Partial Motion to Dismiss be treated as a motion for summary judgment per Rule 12(d) of the

---

[2] The partial denial of Defendant's Motion does not foreclose any future motions under Rule 56.

Federal Rules of Civil Procedure. Furthermore, the undersigned recommends that Defendant's Motion be GRANTED as to the claims made in paragraphs eleven and fifteen of Plaintiff's complaint. The undersigned recommends that Defendant's Motion be DENIED as to Plaintiff's claims of discrimination in regards to her non-selection for the LARS position and the AP position.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (*en banc*).

**ENTERED** this 17th day of August, 2015.

 s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE